Filed 5/8/13  P. v. Bluitt CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B238519 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA116798) |
| v. | |
| DARNELL BLUITT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Darnell Bluitt appeals from the judgment entered following his conviction by jury on one count of rape of an unconscious person. (Pen. Code, § 261, subd. (a)(4).)[1] We affirm.

On February 15, 2011, around 2:30 p.m., Lawanda Bogan was driving her bus down Compton Boulevard, nearing the end of her shift. There were five passengers on the bus at the time. As she approached a bus stop at the corner of Compton and Willowbrook, she saw a man bending over the bus stop bench. His hands were on the top of the bench, and he was leaning over the seat. Bogan initially thought the man was relieving himself, but then she saw a woman underneath him. The man's pants were down, and he was moving up and down, as if he were having sex.

Bogan stopped her bus to let a female passenger off, and Bogan noticed that the woman on the bus stop bench had her eyes closed, was passed out, and was not moving. The female passenger looked out the bus window and exclaimed that the man was raping the woman, so Bogan told her to flag down a sheriff who was at a nearby El Pollo Loco restaurant. The passenger exited the bus and started screaming at the man, "You're raping her. Get off of her."

Bogan moved the bus forward and opened the doors again, and she saw a woman standing near the bus stop flag down the sheriff, who was leaving the El Pollo Loco parking lot. The man on the bus stop bench was still on top of the woman, but he was looking toward the sheriff. Bogan identified appellant in court as the man.

Appellant got off the woman, sat next to her on the bench, pulled up his pants and zipped them. The woman appeared to be passed out, with her head tilted to one side, and her pants pulled down so that her vagina was exposed.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

Frank Abney was a passenger on the bus who witnessed the incident and testified about it at trial, describing the incident in the same manner as Bogan. He identified appellant in court. Abney testified that, when the female passenger was yelling at appellant to get off the woman, appellant replied, "Call the damn police. I don't give an f-ing what you do."

Sergeant Michael Modica was the sheriff who was at El Pollo Loco and first responded to the incident. He saw appellant sitting on the bench next to the woman with her pants down. The woman appeared to be passed out and did not respond to deputies' attempts to rouse her. Sergeant Modica stopped Bogan from driving the bus away, allowing her to leave after he received names and contact information from everyone on the bus. While Sergeant Modica was speaking to Bogan, he saw appellant pulling the victim's pants up. Appellant was taken into custody.

Compton firefighter/paramedic Jason Billy Velez assessed the victim's condition and transported her to the hospital. She was sluggish and not very responsive during the ambulance ride. Dr. Jamie Soo-Moi Eng, an emergency room physician who treated the victim at the hospital, also testified about the victim's condition.

Detectives Anthony Meraz and Connie Delgado read appellant his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436) and interviewed him. Appellant explained that he and the victim met at the bus stop bench, and she asked if he wanted to go across the street to buy something to drink. They went to a store and bought some brandy, drank it at the bus stop, and she fell asleep. He had sex with her after she fell asleep.

In defense, appellant presented a video showing him and the victim buying alcohol together.

Appellant was charged by information with one count of rape of an unconscious person. The information further alleged that appellant had suffered a conviction under section 245, which constituted both a prior strike within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

During deliberations, the jury asked for readback of appellant's statements to Detective Meraz. The jury found appellant guilty, and the court found the allegation of a prior violation of section 245 to be true.

The court granted appellant's *Romero* motion (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) and struck his prior strike based on its age. The court sentenced appellant to the upper term of 8 years, plus 5 years pursuant to section 667, subdivision (a)(1), for a total of 13 years.

Appellant filed a timely notice of appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

On October 29, 2012, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. On November 16, 2012, appellant filed a supplemental brief, contending that he was denied his Sixth Amendment right to confront witnesses because the alleged victim never accused him of the offense.

At the beginning of trial and before closing arguments, appellant complained to the court that he did not have the opportunity to face his accuser. The court explained that the presence of the victim is not required (noting that in a murder trial, if the victim is not available to testify) and that the accuser is actually not the

4

victim but the People of the State of California.  Appellant's concern that the victim did not testify is the issue that he raises on appeal.

"'A criminal defendant has the right, guaranteed by the confrontation clauses of both the federal and state Constitutions, to confront the prosecution's witnesses. [Citations.]  The right of confrontation "seeks 'to ensure that the defendant is able to conduct a "personal examination and cross-examination of the witness, in which [the defendant] has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.'" [Citation.]  To deny or significantly diminish this right deprives a defendant of the essential means of testing the credibility of the prosecution's witnesses, thus calling 'into question the ultimate "'integrity of the fact-finding process.'"' [Citation.]" [Citation.]'" (*People v. Roldan* (2012) 205 Cal.App.4th 969, 978.)

Appellant's right to confrontation was not violated.  Although the victim of the offense did not testify, there were numerous witnesses who did testify. Defense counsel had ample opportunity to cross-examine the prosecution's witnesses and did so extensively.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:


MANELLA, J.


SUZUKAWA, J.

6